IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 13-23148-CMB |
| ) | |
| BEULAH ROAD LAND COMPANY, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| JOSEPH E. HUDAK, ) | Related to Doc. Nos. 155 & 215 |
| ) | |
| Movant. ) | |

## MEMORANDUM OPINION

The matter before the Court is Joseph E. Hudak's request for intervention filed in the above-captioned case. Mr. Hudak first filed his *Motion to Intervene* ("Motion") to which the Debtor and Zokaites Properties LP ("Zokaites") responded. In his Motion, Mr. Hudak sought intervention asserting that he is (1) an equity security holder in the Debtor and (2) the majority owner of Churchill Valley Obligations Fulfillment Company ("CVOF"), a company allegedly holding or having the right to acquire a majority of the voting eligible equity securities in the Debtor. In the Motion, Mr. Hudak sought intervention to file a response opposing the *Motion to Sell Real Property Free and Clear of All Liens, Encumbrances and Claims* ("Sale Motion") filed by Zokaites.

A hearing on the Motion was held on November 21, 2013. The Motion failed to state upon what legal authority Mr. Hudak relied in support of his request for intervention. Furthermore, as Mr. Hudak claimed to be an equity security holder, the Court questioned whether Mr. Hudak was asserting standing as a party in interest pursuant to 11 U.S.C. §1109(b) as opposed to seeking permissive intervention. Mr. Hudak was directed to file an amended

1

motion clearly stating on what basis he sought to participate in the case. Furthermore, as Mr. Hudak's assertions in the Motion were disputed and based upon the request of opposing counsel, the Court directed Mr. Hudak to attend a deposition and produce certain documents. An evidentiary hearing on Mr. Hudak's request for intervention was scheduled to be held on December 4, 2013.

As a preliminary matter, §1109(b) provides, in pertinent part, that "[a] party in interest, including . . . an equity security holder, . . . may raise and may appear and be heard on any issue in a case under this chapter." Thus, "§1109(b) involves intervention as of right." *Official Comm. Of Unsecured Creditors v. Mellon Bank, N.A.* (*In re Allegheny International, Inc.*), 107 B.R. 518, 524 (W.D.Pa.1989). To the contrary, Fed.R.Bankr.P. 2018(a) permits intervention for those not otherwise entitled to intervene under §1109(b). *Id.* Rule 2018 provides that a court may permit intervention to an interested entity either generally or with respect to a specified matter for cause shown. Intervention pursuant to Rule 2018 is within the discretion of the court. *See Elliott v. Kiesewetter* (*In re Kiesewetter*), No. 05-38469-JAD, 2010 Bankr. LEXIS 6332, at *2 (Bankr.W.D.Pa. Nov. 29, 2010). Although "cause" is undefined within the Rule, cause can be established by demonstrating an economic or similar interest related to the case. *Id.* "Among the factors to be considered in determining whether to permit intervention is whether the proposed intervenor's interests are being adequately represented by a party already in the case and whether such intervention would result in undue delay or prejudice." *Id.* Thus, the Court sought clarification from Mr. Hudak as to how he was intending to proceed so that the parties could appropriately respond and his request could be properly addressed by the Court.

In accordance with this Court's directives, Mr. Hudak filed an *Amended Motion to Intervene* ("Amended Motion"). Both Debtor and Zokaites again responded to the request for

2

intervention. The Amended Motion was once again filed on behalf of Mr. Hudak, but additionally asserts to be filed on behalf of CVOF. At the December 4, 2013 evidentiary hearing, the Court sought clarification from Mr. Hudak regarding the identification of the movant(s). Mr. Hudak stated on the record that he was no longer seeking to intervene individually but rather only on behalf of CVOF.

Standing as a party in interest pursuant to §1109(b) is not asserted in the Amended Motion; rather, the Amended Motion was filed pursuant to Fed.R.Bankr.P. 2018(a) seeking permissive intervention. Although the initial Motion sought intervention for the purpose of responding to the Sale Motion, the Amended Motion seeks an order vacating the settlement agreement between Zokaites and Debtor, alleging that Richard Hersperger fraudulently purported to hold authority to act for the Debtor. Specifically, the Amended Motion requests that the provisions waiving the Debtor's right to redeem the property and Debtor's right to object to the sale of the property be stricken. In the alternative, dismissal of the bankruptcy case is sought.

Although §1109(b) is not specifically argued as a basis to participate in this bankruptcy case, the Court will address the applicability of the provision due to representations made in the Motion, Amended Motion, and on the record at the evidentiary hearing. Furthermore, establishing standing under §1109(b) would moot the request for permissive intervention.

Mr. Hudak repeatedly testified that intervention is appropriate as he claims to own one-hundred percent of CVOF, which in turn, owns the majority of voting eligible shares of the Debtor. However, there was no credible evidence produced in support of this testimony. Mr. Hudak testified that he and Mr. Hersperger entered into an agreement transferring Mr. Hudak's ownership of CVOF to Mr. Hersperger. According to Mr. Hudak, the contract between the parties further provided that, if certain conditions were not met, then ownership of CVOF would

automatically revert back to Mr. Hudak. Thus, Mr. Hudak's claim of ownership of CVOF is based upon an alleged breach of the contract and this purported clause providing automatic reversion. Notwithstanding these assertions, Mr. Hudak failed to provide the contract allegedly containing these provisions; instead, he offered what he referred to as a "receipt." *See* Exhibit 2. The document does not, however, appear to be a receipt. It is titled "Transfer and Assignment of Shares and Proxy's" and it contains provisions that provide for the transfer of shares of CVOF from Mr. Hersperger back to Mr. Hudak in the event certain payments are not timely made. However, the document is not the contract and does not contain Mr. Hersperger's signature, despite Mr. Hudak's claim that it reflects the terms of the agreement. The document appears to be signed only by an individual identified as Carl Marcus, as agent of Joseph E. Hudak. This document is not credible evidence in support of Mr. Hudak's testimony. Thus, assuming CVOF is the majority shareholder of the Debtor, as Mr. Hudak testified, CVOF has standing to appear and be heard in this case. However, Mr. Hudak failed to establish his ownership of CVOF or any right to act on behalf of CVOF. Thus, Mr. Hudak's request on behalf of CVOF must be denied under §1109(b).

Although Mr. Hudak clarified at the evidentiary hearing that he is only seeking intervention on behalf of CVOF, which this Court finds he has not established authority to do, in order to thoroughly address the arguments raised in support of the request for intervention, this Court will address the assertions made in the Motion, on behalf of Mr. Hudak individually, and the Amended Motion, on behalf of himself and/or CVOF. With respect to the request for intervention pursuant to Rule 2018, based upon the Motion, Amended Motion, and the record of the December 4, 2013 evidentiary hearing, intervention is sought to (1) respond to the Sale Motion, (2) vacate the Debtor's agreement with Zokaites or provisions thereof, (3) seek

4

dismissal of the bankruptcy case, and/or (4) participate generally in the bankruptcy case. No motion has been filed challenging the settlement between the Debtor and Zokaites nor has a motion to dismiss been filed. The only matter presently before this Court is the request to intervene. Nonetheless, the Court will briefly address these stated purposes for intervention in light of the proposed intervenor's asserted interest in this bankruptcy case.

As clearly stated on the record, this Court will neither permit intervention to vacate the settlement agreement between the Debtor and Zokaites nor to seek dismissal of the bankruptcy case. To the extent Mr. Hudak seeks to undo a settlement that was painstakingly negotiated and entered as an Order of this Court, intervention is not appropriate. The Court notes that the settlement agreement, made on the record on August 26, 2013, is set forth in and enforced by this Court's Order dated October 2, 2013. The Order was not appealed nor was reconsideration sought. No legal authority has been cited as a basis for vacating the Order or striking any provision therein.[1] The Order was entered months ago, the Debtor defaulted, and a sale hearing has accordingly been scheduled. Mr. Hudak's intervention for the purpose of belatedly objecting to the agreement and Order would only serve to delay and prejudice the parties who have acted in reliance on the agreement and Order. Mr. Hudak did not previously object and only sought intervention after the Debtor defaulted on the agreement with Zokaites. Mr. Hudak failed to raise any grounds upon which this Court would consider vacating the Order and failed to demonstrate

---

[1] Furthermore, the objection to the provision waiving Debtor's right to redeem has been addressed by Mr. Zokaites' offer to allow the Debtor, or anyone claiming to act on the Debtor's behalf, to satisfy the mortgage and/or redeem the property at any time prior to the sale hearing on December 18, 2013.

5

that he held an interest on behalf of himself or CVOF requiring representation at the time the agreement was reached and the Order was entered.[2]

In addition, Mr. Hudak alleges fraud as a basis upon which this bankruptcy case should be dismissed. To the extent Mr. Hudak asserts that he and/or CVOF were defrauded by either Mr. Zokaites (with respect to an alleged joint venture) or Mr. Hersperger (with respect to alleged misrepresentations to gain control of CVOF and the majority of the voting eligible shares of the Debtor), those are disputes between Mr. Hudak and/or CVOF and non-Debtors and are not properly before this Court. Accordingly, Mr. Hudak's and/or CVOF's interests in those disputes are not interests which require representation in this bankruptcy case and addressing said claims would only delay, distract, and unduly complicate these proceedings.

With respect to any general interest that Mr. Hudak may have in this case, and the Sale Motion in particular, it should be noted that Zokaites has extended an offer to the Debtor or anyone claiming to act as or on behalf of the Debtor to satisfy the mortgage and/or redeem the property any time prior to the scheduled sale. Thus, if Mr. Hudak is able to obtain funding, as he asserted in his testimony, then he may be able to act on Zokaites' offer. Otherwise, he is welcome to bid at the sale, should that occur, if the property is not redeemed prior to the sale date. Thus, Mr. Hudak has been provided with an opportunity to participate without delaying the case and introducing issues and disputes which are not appropriately addressed in this forum.

---

[2] Furthermore, even if automatic reversion is provided for in the agreement between Mr. Hudak and Mr. Hersperger as stated in Exhibit 2, the earliest such reversion would occur is November 9, 2013, long after the settlement was negotiated and entered as an Order of Court. Thus, Mr. Hudak did not provide any basis upon which he could challenge Mr. Hersperger's authority to enter into the settlement agreement with Zokaites. Additionally, any alleged breach of the agreement between Mr. Hudak and Mr. Hersperger, non-Debtors, is not properly before this Court.

Therefore, for the foregoing reasons, the Motion and Amended Motion are denied. An appropriate Order will be entered consistent with this Memorandum Opinion.

DATE: December 5, 2013

Carlota M. Böhm
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Norma Hildenbrand, Esq.
Donald R. Calaiaro, Esq.
Jeffrey A. Hulton, Esq.
Joseph Edward Hudak, Esq.

**FILED**

DEC - 5 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA